FILED

## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

2017 MAY 25  PM 5: 16

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA

v.

MUNIA PARVIN
a/k/a Zarrin Hoque

Case No. 8.17-cr-269.T-23AAS

18 U.S.C. § 1425
18 U.S.C. § 1015



SEALED

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

From an unknown time no later than on or about January 26, 2012, and continuing through on or about June 4, 2012, in the Middle District of Florida and elsewhere, the defendant,

### MUNIA PARVIN
### a/k/a Zarrin Hoque,

knowingly procured and attempted to procure, contrary to law, the naturalization of Zarrin Hoque, in that she misrepresented her identity and history of dealings with United States immigration authorities and made false statements as to her eligibility for naturalization.

In violation of 18 U.S.C. § 1425(a).

## COUNT TWO

On or about June 4, 2012, in the Middle District of Florida and elsewhere, the defendant,

### MUNIA PARVIN
a/k/a Zarrin Hoque,

did knowingly make false statements under oath in a case, proceeding, and matter relating to and under, and by virtue of any law of the United States relating to naturalization and citizenship of an alien, to wit: the case, proceeding, and matter relating to the naturalization of Zarrin Hoque, in that in a Form N-445, the defendant falsely stated that she had never provided false information to obtain immigration benefits, when, in fact, she had made false statements as to (a) her use of another name and identity; (b) her prior arrest record; (c) her history and contacts with immigration officials regarding removal, exclusion, and deportation from the United States; and (d) her eligibility for naturalization based upon those prior false statements, when in truth and in fact, as the defendant well knew, those statements which she made as to those subjects were false.

All in violation of 18 U.S.C. § 1015(a).

## FORFEITURE

1.    The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(6).

2.    Upon conviction of a violation of 18 U.S.C. § 1425, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6):

      a.     Any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense;

      b.     Any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and

      c.     Any property that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

3.     If any of the property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By: _____
JAY L. HOFFER
Assistant United States Attorney

By: _____
SIMON A. GAUGUSH
Assistant United States Attorney
Chief, Economic Crimes Section

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## MUNIA PARVIN a/k/a Zarrin Hoque

## INDICTMENT

Violations:   18 U.S.C. §§ 1425 and 1015

A true bill,

_____
Foreperson

Filed in open court this 25th day

of May 2017.

_____
Clerk

Bail $_____